IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE W. KROHMER, | : | CIVIL ACTION |
| Plaintiff, | : | No. _____ |
| v. | : | |
| AMERICAN AIRLINES, INC, | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

<u>**COMPLAINT**</u>

Plaintiff, George W. Krohmer, by and through his counsel, Gregory T. Kunkel, Esq., files the following Complain. In support hereof, plaintiff states as follows:

1. This action arises under the Americans With Disabilities Act ("ADA"), 42 U.S.C § § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; and the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*

2. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. § 12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5; 29 U.S.C. § 2611(2)(A); and 28 U.S.C. § § 1331 and 1342(a)(4).

3. Venue for this action properly lies in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose in this judicial district.

4. Plaintiff has satisfied all the procedural administrative requirements set forth in the ADA and Title VII in that:

   a. Plaintiff filed a timely written Charge of Discrimination with the Equal employment opportunity commission on May 16, 2015;
   b. Plaintiff received a notice of right to sue from EEOC dated June 26, 2017; and
   c. This action was filed with this court within 90 days of receipt of that Notice.

## II. The Parties

5. Plaintiff, George W. Krohmer, is an adult male individual who resides at 1511 Shady Tree Place, Duncanville, Texas 75137.

6. Plaintiff was employed by U.S. Airways at its facility located at 150 Hookstown Grade Road, Moon Township, Allegheny County, Pennsylvania, until U.S. Airways was merged into Defendant American Airlines on or about December 30, 2015.

7. Defendant, American Airlines, Inc., is a corporation doing business at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155. Defendant American Airlines, Inc. is the successor in interest by way of merger to the all of the liabilities and causes of action which arose against U.S. Airways prior to the merger with Defendant American Airlines, Inc.

8. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. § 12111(2) and 5(A).

9. Defendant is an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A) and within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## III. Factual Background

10. Plaintiff is an adult gay male and, at all times relevant to this Complaint, was in a committed relationship with another man.

11. Plaintiff was employed by Defendant as a Crew Scheduler from October 2007 until he was discharged on July 22, 2015.

12. Plaintiff is HIV positive and was diagnosed with AIDS in 2012, an impairment that substantially limits his in major life activities.

13. Plaintiff requested the Defendant for leave from work on various occasions due to his disabilities.

14. Defendant was aware that Plaintiff was gay and was in a committed relationship with another man and the Plaintiff was HIV positive and had been diagnosed with AIDS.

15. Defendant regarded Plaintiff as disabled due to HIV positive status and his AIDS diagnosis.

16. Defendant failed to keep Plaintiff's disability confidential and, as a result, it was common knowledge throughout the Crew Scheduling Department that Plaintiff had been diagnosed with AIDS.

17. During the course of his employment, Plaintiff was subjected to harassment and a hostile work environment due to his sexual orientation and his disability.  For example, plaintiff was forced to endure demeaning and insulting comments from his supervisors about his sexual orientation and he was penalized when he was forced to take time off work due to his disability.

18. As another example, plaintiff was denied promotions because of his sexual orientation, disability status and because he complained about discrimination in the workplace.

19. On another occasion, Plaintiff's supervisor interrogated him relentlessly about his HIV status to the point that Plaintiff broke down in tears the workplace.

20. In or about May 2015, Plaintiff was assigned to train a new employee, Opal Corrica.  During the course of training, Corrica made numerous inappropriate remarks to Plaintiff about his sexual orientation as well as sexual matters involving co-workers.

21. Due to Corrica's inappropriate comments, Plaintiff requested Ellen Hogan, another Crew Scheduler responsible for coordinating new training, to assign Corrica to another person for training.

22. Plaintiff specifically informed Hogan about Corrica's tendency to degrade co-workers, make negative comments about work, and discuss the private sex lives of co-workers or her preferences of men. Defendant, however, refused to take any corrective action.

23. In June 2015, Plaintiff learned that Corrica had accused him of making inappropriate comments regarding his co-workers' hairstyles; discussing the private sex lives of co-workers and "sex skyping" with with a person over the computer. Corrica also accused Plaintiff of calling a co-worker an "ax-murder."

24. Defendant subsequently informed Plainitff that it was investigating Corrica's allegations.

25. Plaintiff did not make any improper comments to Corrica or any other individual employed by the Defendant. Once he learned of Corrica's complaints, he reminded his supervisors that he had reported Corrica for making improper comments and requested that she be assigned to another trainer.

26. On July 22, 2015, Defendant terminated Plaintiff's employment for alleged unprofessional behavior in violation of Defendant's Code of Conduct.

### Count I
### Americans With Disabilities Act: Discrimination

27. Plaintiff incorporates by reference the allegations in paragraphs 1 through 26 as if fully restated herein.

28. As described above, plaintiff is an individual with a disability, and defendant perceived him as having a disability.

29. Plaintiff was qualified for the Crew Scheduler position and was capable of performing all essential functions of that position. Plaintiff, therefore, was a qualified individual with a disability under 42 U.S.C. § 12111(8).

30. Defendant terminated plaintiff from his Crew Scheduler position because of his actual and/for perceived disability in violation of the ADA, 42 U.S.C. § 12112(a).

31. Defendant's violation of the ADA was intentional with and reckless disregard of plaintiff's federally protected right to be free of discrimination on the basis of his disability.

32. Plaintiff is now suffering and will continue to suffer lost wages and other economic benefits of his employment with Defendant, as well as mental anguish and humiliation as result of the Defendant's unlawful conduct.

WHEREFORE, Plaintiff respectfully prays that this Court:

a. Declare Defendant's conduct to be in violation of the ADA;
b. Enjoin Defendant from engaging in such conduct;
c. Order Defendant to reinstate plaintiff retroactive to July 22, 2015, to his prior position or, in lieu of reinstatement, order appropriate front pay and benefits;
d. Order Defendant to pay back salary, benefits, and other compensation found by the Court to be due and owing, together with interest thereon from the date such amounts became due;
e. Award appropriate compensatory and punitive damages;
f. Award counsel for the Plaintiff appropriate fees and expenses; and
g. Award Plaintiff such further and additional relief as the Court may deem just and proper.

### Count II
### Americans With Disabilities Act: Retaliation

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 as if fully restated herein.

34. Prior to his July 15, 2015 termination, Plaintiff had filed three separate Charges of Discrimination with the EEOC alleging violations of the ADA and/or Title VII. Plaintiff, therefore, engaged in protected activity under the ADA.

35. In addition, Plaintiff complained directly to his supervisors and Defendant's Human Resources department about sex and disability discrimination.

36. Plaintiff also engaged in protected action under the ADA by requesting time off work when he experienced symptoms related to his disability or needed time off work to received treatment for his disabilities.

37. Defendant subjected Plaintiff to unwarranted discipline and job termination in retaliation for requesting leave as a reasonable accomodation of his disabilities in violation of the ADA, 42 U.S.C. § 12203 and because Plaintiff filed prior EEOC Charges of Discrimination alleging disability discrimination.

38. Plaintiff is now suffering and will continue to suffer lost wages and other economic benefits of his employment with Defendant, as well as mental anguish and humiliation as result of the Defendant's unlawful conduct.

39. Defendant's conduct was outrageous, reckless, willful and oppressive and complete disregard of the rights of the Plaintiff.

WHEREFORE, Plaintiff respectfully prays that this Court:

a. Declare Defendant's conduct to be in violation of the ADA;
b. Enjoin Defendant from engaging in such conduct;
c. Order Defendant to reinstate plaintiff retroactive to July 22, 2015 to his prior position or, in lieu of reinstatement, order appropriate front pay and benefits;
d. Order Defendant to pay back salary, benefits, and other compensation found by the Court to be due and owing, together with interest thereon from the date such amounts became due;
e. Award appropriate compensatory and punitive damages;
f. Award counsel for the Plaintiff appropriate fees and expenses; and
g. Award Plaintiff such further and additional relief as the Court may deem just and proper

## Count III
## Title VII – Sex Discrimination

40. Plaintiff incorporates by reference the allegations in paragraphs 1 through 39 as if fully restated herein.

41. As noted above, Plaintiff is an adult gay male who was in a committed relationship with another man at time relevant to this Complaint.

42. During the course of his employment with Defendant, Plaintiff was harassed and subjected to a sexually hostile work environment because of his sexual orientation and because he was in a committed relationship with another man.

43. Defendant harassed Plaintiff about his sexual orientation based on its adherence to sex-based stereotypes that a man should only be in a committed and intimate relationship with a woman.

44. Defendant discharged Plaintiff from his position on July 22, 2015 due to his sex in violation of Title VII.

45. Plaintiff is now suffering and will continue to suffer lost wages and other economic benefits of his employment with Defendant, as well as mental anguish and humiliation as result of the Defendant's unlawful conduct.

46. Defendant's conduct was outrageous, reckless, willful and oppressive and complete disregard of the rights of the Plaintiff.

WHEREFORE, Plaintiff respectfully prays that this Court:

　　a. Declare Defendant's conduct to be in violation of Title VII;
　　b. Enjoin Defendant from engaging in such conduct;
　　c. Order Defendant to reinstate Plaintiff retroactive to July 22, 2015 to his prior position or, in lieu of reinstatement, order appropriate front pay and benefits;

d. Order Defendant to pay back salary, benefits, and other compensation found by the Court to be due and owing, together with interest thereon from the date such amounts became due;

e. Award appropriate compensatory and punitive damages;

f. Award counsel for the Plaintiff appropriate fees and expenses; and

g. Award Plaintiff such further and additional relief as the Court may deem just and proper.

## Count IV
## Title VII – Retaliation

47. Plaintiff incorporates by reference the allegations in paragraphs 1 through 46 as if fully restated herein.

48. Prior to his July 15, 2015 termination, Plaintiff had filed three separate Charges of Discrimination with the EEOC alleging violations of the ADA and/or Title VII. Plaintiff, therefore, engaged in protected activity under Title VII.

49. In addition, Plaintiff complained directly to his supervisors and Defendant's Human Resources department about sex and disability discrimination.

50. Defendant subjected Plaintiff to unwarranted discipline and job termination in retaliation for complaining about unlawful sex discrimination and because Plaintiff filed prior EEOC Charges of Discrimination alleging disability discrimination.

51. Plaintiff is now suffering and will continue to suffer lost wages and other economic benefits of his employment with Defendant, as well as mental anguish and humiliation as result of the Defendant's unlawful conduct.

52. Defendant's conduct was outrageous, reckless, willful and oppressive and complete disregard of the rights of the Plaintiff.

WHEREFORE, Plaintiff respectfully prays that this Court:

    a. Declare Defendant's conduct to be in violation of Title VII;

    b. Enjoin Defendant from engaging in such conduct;

    c. Order Defendant to reinstate Plaintiff retroactive to July 22, 2015 to his prior position or, in lieu of reinstatement, order appropriate front pay and benefits;

    d. Order Defendant to pay back salary, benefits, and other compensation found by the Court to be due and owing, together with interest thereon from the date such amounts became due;

    e. Award appropriate compensatory and punitive damages;

    f. Award counsel for the Plaintiff appropriate fees and expenses;

    g. Award Plaintiff such further and additional relief as the Court may deem just and proper.

## Count V
### Retaliation for Exercising FMLA Rights

53. Plaintiff incorporates by reference the allegations in paragraphs 1 through 52 as if fully restated herein.

54. Defendant discharged plaintiff because he took FMLA eligible leave in violation of 29 U.S.C. §2615(a)(2).

55. Defendant retaliated against plaintiff because he attempted to take leave protected by the FMLA in violation of 29 U.S.C. §2615(a)(2).

56. Plaintiff is now suffering and will continue to suffer damages, including, but not limited to, seniority, lost wages and other economic benefits of his employment with Defendant,

57. Defendant's conduct was outrageous, reckless, willful and oppressive and complete disregard of the rights of the Plaintiff.

58. WHEREFORE, Plaintiff respectfully prays that this Court:

    a. Declare Defendant's conduct to be in violation of the FMLA;

    b. Enjoin Defendant from engaging in such conduct;

c. Order Defendant to reinstate Plaintiff retroactive to July 22, 2015 to his prior position or, in lieu of reinstatement, order appropriate front pay and benefits;

d. Order Defendant to pay back salary, benefits, and other compensation found by the Court to be due and owing, together with interest thereon from the date such amounts became due;

e. That a final judgment in favor of Plaintiff and against Defendant be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C. §2617(a)(1)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff.

f. Award counsel for the Plaintiff appropriate fees and expenses;

g. Award Plaintiff such further and additional relief as the Court may deem just and proper

**KUNKEL LAW FIRM**

  /s/ Gregory T. Kunkel
Gregory T. Kunkel
Pa. I.D. No 58027

One Oxford Centre
301 Grant Street, Suite 4300
Pittsburgh, PA 15227
(724) 438-3020
E-mail: gkunkel@kunkellawfirm.com

Counsel for Plaintiff